**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | **Re: Docket No. 15210** |
| | ) | |
| | ) | |

**NOTICE OF APPEAL**

First Tennessee Bank f.k.a. Hamilton National Bank, Claimant No. 10534 in the above-referenced bankruptcy proceedings hereby appeals under 28 U.S.C. §158(a) from the Order (Doc. No. 15210) and Memorandum Opinion (Doc. No. 15209) of the bankruptcy judge disallowing and expunging 71 claims filed by the law firm of Speights & Runyan entered in the objection proceedings to the Debtors' Thirteenth Omnibus Objection entered on April 17, 2007.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The names of all parties to the judgment, order, or decree appealed from and the names of addresses, and telephone numbers of their respective attorneys are as follows:

**Claimant / Appellant**

First Tennessee Bank f.k.a. Hamilton National Bank, Claimant No. 10534

LOIZIDES, P.A.
Christopher D. Loizides (#3968)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

**Debtors / Appellees**[2]

Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Timothy P. Cairns, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North. Market Street, 17th Floor
Wilmington, DE 19801
(302)652-4100

David M. Bernick, Esquire
Janet S. Baer, Esquire
Lisa Esayian, Esquire
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312)861-2000

James J. Restivo, Jr., Esquire
Douglas E. Cameron, Esquire
Traci S. Rea, Esquire
435 Sixth Avenue
Pittsburgh, PA 15219
(412)288-3131

David B. Siegel
W.R. Grace & Company
7500 Grace Drive
Columbia, MD 21044

[2] See caption and footnote 1.

**Other Parties**

***Official Committee of Equity Security Holders***
Teresa K. D. Currier, Esquire
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

***Official Committee of Asbestos Personal Injury Claimants***
Marla R. Eskin, Esquire
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801

***Official Committee of Unsecured Creditors***
Michael R. Lastowski, Esquire
Duane Morris, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801

***United States Trustee***
David M. Klauder, III, Esquire
Office of the United States Trustee
844 N. King Street, Room 2207
Wilmington, DE 19801

***Official Committee of Unsecured Creditors***
Lewis Kruger, Esquire
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

***Official Committee of Asbestos Personal Injury Claimants***
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

***Official Committee of Asbestos Personal Injury Claimants***
Peter Van N. Lockwood, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

***Official Committee of Equity Security Holders***
Thomas M. Mayer, Esquire
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

***Future Claims Representative***
Roger Frankel, Esquire
Richard H. Wyron, Esquire
The Washington Harbour
Orrick, Herrington & Sutcliffe LLP
3050 K Street, N.W., Suite 200
Washington, D.C. 20007-5135

***Future Claims Representative***
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 N. Broom Street
Wilmington, DE 19806

***Official Committee of Asbestos Property Damage Claimants***
Scott L. Baena, Esquire
Jay M. Sakalo, Esquire
Bilzin Sumberg Baena Price & Axelrod, LLP
Wachovia Financial Center
200 South Biscayne Blvd., Suite 2500
Miami FL 33131

***Official Committee of Asbestos Property Damage Claimants***
Theodore J. Tacconelli, Esquire
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

Dated: April 26, 2007

Respectfully submitted,

LOIZIDES, P.A.
Christopher D. Loizides (#3968)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)
E-mail: loizides@loizides.com

By: s/Christopher D. Loizides

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| W.R.GRACE & CO., et al. | ) | |
| | ) | Chapter 11 |
| Debtor(s). | ) | |
| | ) | Re: Doc. Nos. 9311, 10014, 11594, |
| | ) | 11621, 11709, and 11712. |
| | ) | |

**ORDER DISALLOWING AND EXPUNGING OF 71 CLAIMS FILED BY SPEIGHTS & RUNYAN**

**AND NOW**, this 17th day of April, **2007**, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that the 71 claims which Speights & Runyan failed to establish authority to file as of the March 31, 2003, Proof of Claims Bar Date are disallowed and expunged.

Debtor shall serve the foregoing Memorandum Opinion and this Order on all parties in interest and file proof of service.

Judith K. Fitzgerald jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: 4/17/2007
12:21:15





**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| W.R.GRACE & CO., et al. | ) | |
| | ) | Chapter 11 |
| Debtor(s). | ) | |
| | ) | Re: Doc. Nos. 9311, 10014, 11594, |
| | ) | 11621, 11709, and 11712. |
| | ) | |

## MEMORANDUM OPINION[1]

The matter before the court is Debtors' request for the disallowance of 71property damage claims filed and signed by the law firm of Speights & Runyan ("Speights") for which Speights failed to establish that authority existed prior to the March 31, 2003, bar date. Written authority to file the claims was either undated or dated after the March 31, 2003, deadline.

After filing for Chapter 11 bankruptcy, Debtors received 4,200 asbestos property damage ("PD") claims relevant to this proceeding, of which 2,938 were filed by Speights. None of the proofs of claim were personally signed by the actual claimants: 1,862 were signed by Daniel Speights and 1,076 were signed by Amanda Steinmeyer of the Speights firm. Since the entry of Debtors' Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm Speights and Runyan (Substantive),[2] a substantial number of the claims have been withdrawn by Speights or expunged by this court.[3] Pursuant to the court's order[4], Speights provided Debtors

[1]The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

[2] Doc. No. 9311.

[3] *See, e.g.*, Order Allowing Withdrawal of Certain Claims Filed by the Law Firm of Speights and Runyan, Doc. No. 9517 (259 claims disallowed and expunged for all purposes); Order for the Withdrawal and Expungement of 1495 Asbestos Property Damage Claims, Doc.



15209

with copies of written authorizations that the firm claimed established the authority of Speights to represent each claimant in this proceeding. For the 71 claims presently in question, Speights provided written authorizations which are either undated or dated after the March 31, 2003 bar date.[5] The parties submitted briefs[6] and a hearing was held to address these 71 claims on August 21, 2006.[7] For the reasons which follow these claims will be disallowed and expunged.

Federal Rule of Bankruptcy Procedure 3001(b) provides that "A proof of claim shall be executed by the creditor or the creditor's authorized agent."[8] Citing *In re Standard Metals Corp.*,

---

No. 10961; Order Disallowing and Expunging Anderson Memorial-Based Asbestos Property Damage Claims Filed by Speights and Runyan, Doc. No. 11080 (534 Anderson Memorial Out of State PD Claims and 51 Anderson Memorial South Carolina PD Claims).

[4] The Order dated September 23, 2005, required Speights & Runyan to provide the Debtors with evidence pertaining to the status of claims, including "a list of all pending claims filed by Speights & Runyan for which the claimant has provided express written authorization to file the claim and a copy of the document or, if redacted, the portion of the document that contains such proof of express written authority." Order Granting Relief and Directing Certain Discovery with Respect to Speights & Runyan, Doc. No. 9501.

[5] Debtors filed their motion for a bar date on June 27, 2001, and the court entered the Bar Date Order on April 22, 2002, establishing March 31, 2003, as the claims bar date. Therefore, Speights had nearly two years between the bar date motion and the expiration of the bar date and eleven months between entry of the Bar Date Order and the expiration of the bar date during which he could have obtained authority to file the claims.

[6] Debtors' Brief in Further Support of the Disallowance of 71 Claims Where Speights Lacked Authorization as of the Bar Date, Doc. No. 11712; Debtors' Surreply in Support of the Disallowance of 71 Claims For Which Speights & Runyan Has Not Established Authority to File as of March 31, 2003, Bar Date, Doc. No. 11621; Anderson Memorial Hospital's Further Memorandum in Opposition to the Debtors' Thirteenth Omnibus Objection: Ratification of Authority by Claimants, Doc. No. 11709; Certain Speights & Runyan Claimants' Sur-Reply in Opposition to the Debtors' Thirteenth and Fifteenth Omnibus Objections, Doc. No. 11594.

[7] Hearing Transcript, Doc. No. 13077.

[8] Federal Rule of Bankruptcy Procedure 3004 deals with claims filed by the debtor or trustee and Rule 3005 deals with claims filed by co-debtors.

817 F.2d 625 (10th Cir. 1987), *cert. dismissed*, 488 U.S. 881 (1988); *In re Griffin Trading Co.*, 270 B.R. 883 (Bankr. N.D. Ill.), *aff'd*, 270 B.R. 905 (N.D. Ill. 2001); and *In re FIRSTPLUS Fininciał, Inc.*, 248 B.R. 60 (Bankr. N.D. Tex. 2000), Grace contends that the party signing the proof of claim must have explicit or express authority to act as an agent of the claimant at the time of filing. Speights, on behalf of the 71 claimants, asserts that Rule 3001(b)'s requirement of an "authorized agent" can be satisfied through ratification by the claimants of the attorney's previously unauthorized act.

The attorney-client relationship is a principal and agent relationship governed by the law of agency and therefore subject to the doctrine of ratification. *In re Land*, 215 B.R. 398 (8th Cir. BAP, 1997); *Lenfest v. Boston & Maine Corp.*, 537 F.Supp. 324 (D.Mass., 1982); *North Bend Senior Citizens Home, Inc. v. Cook*, 623 N.W.2d 681, 688 (Neb., 2001); *Riddle v. Commonwealth*, 864 S.W.2d 308, 311 (Ky. App., 1993); *Free v. Wilmar J. Helric Co.*, 688 P.2d 117, (Or. App., 1984), *review denied*, 695 P.2d 49 (Ore. 1985). "Ratification results when a principal affirms a previous unauthorized act by his agent . . . In essence, ratification by a principal of his agent's unauthorized act is equivalent to the agent having that particular authority from the beginning." *In re Packer Ave. Associates*, 1 B.R. 286 (Bankr. E.D. Pa. 1979). *See also Lewis v. Vogelstein*, 699 A.2d 327 (Del. Ch. 1997). Ratification creates the principal and agent relationship, regardless of whether the agent has prior authority. *Zeese v. Siegel's Estate*, 534 P.2d 85 (Utah 1975); *Strader v. Haley*, 12 N.W.2d 608 (Minn. 1943); *Rakestraw v. Rodrigues*, 104 Cal. Rptr. 57 (Cal. 1972). *See also* 3 Am Jur 2d *Agency* §198 (2006). Courts have held that a principal may ratify the forgery of his signature by an agent. *Volandri v. Hlobil*, 339 P.2d 218

(Cal. App. 1 Dist., 1959); *Kadota Fig Asso.of Producers v. Case-Swayne Co.*, 167 P.2d 523 (Cal. App. 3 Dist., 1946).

Application of the doctrine of ratification to certain actions in bankruptcy cases has been upheld by the Court of Appeals for the Third, Fourth, and Eighth Circuits. In *In re Eastern Supply Co.*, 267 F.2d 776 (3d Cir.), *cert. denied,* 361 U.S. 900 (1959), appellant sought dismissal of a bankruptcy petition because the attorney who signed the petition did not have authority from the debtors until after the petition had been filed. The Court of Appeals for the Third Circuit held that the unauthorized filing of a bankruptcy petition can be ratified and that ratification relates back to the original filing. In *Hager v. Gibson,* 108 F.3d 35 (4th Cir.), *aff'd in part, rev'd in part on other grounds,* 109 F.3d 201 (4th Cir. 1997), the Court of Appeals for the Fourth Circuit held that the unauthorized filing of a voluntary petition for a corporation could be ratified by the ensuing conduct of persons with the power to have authorized it originally and that the ratification related back to the original petition date. *See also, Boyce v. Chemical Plastics,* 175 F.2d 839 (8th Cir.), *cert. denied,* 338 U.S. 828 (1949). "The law is clear that the binding effect of an agent's acts is not necessarily dependent upon the existence of the authority at the time the act was performed. Rather, acts which are performed outside the scope of an agent's authority, or which are performed by one who is not even an agent may be ratified by the principal." *Matter of Mickler,* 50 B.R. 818, 827 (Bankr. M.D. Fla., 1985), citing *Armstrong v. Blackadar,* 118 So. 2d 854 (Fla. App. 2 Dist., 1960).

As stated above, Debtors cite *Standard Metals*, *Griffin Trading*, and *FIRSTPLUS*, to support their assertion that under Rule 3001(b) authority must exist at the time of filing of the claim. However, these cases do not conflict with the application of the doctrine of ratification.

Because ratification by a principal of an agent's unauthorized act is equivalent to the agent having that particular authority from the beginning, ratification relates authority back to the time of filing. In fact, *FIRSTPLUS* recognized retroactive authorization through ratification, stating that "an agent has only the authority to do certain acts if the authority is given to him by the principal prior to doing those acts, or if the principal ratifies those acts after the fact." 248 B.R. at 69. Ratification was not permitted in *FIRSTPLUS* because it was provided by the putative class representative, not the principals "in whom the power to ratify such acts vests." *Id.* In the present case, the principals, i.e., these claimants, have ratified the unauthorized filing by Speights.

As explained above, as a general matter, unauthorized acts can be ratified or affirmed. However, ratification is not effective when it takes place after a deadline. *Federal Election Com'n v. NRA Political Victory Fund*, 513 U.S. 88 (1994). *See also* Restatement (Second) of Agency §90 (1958)("If an act to be effective in creating a right against another or deprive him of a right must be performed before a specific time, an affirmance is not effective against the other unless made before such time.") In *Federal Election*, the Federal Election Commission filed a writ of certiorari without the necessary authorization from the United States Solicitor General. The Supreme Court held that the Solicitor General's authorization, which was filed after the 90-day statutory period for filing certiorari petitions expired, did not relate back to the date of the original unauthorized filing so as to make it timely.

In the bankruptcy cases cited above, *Eastern Supply*, *Hager*, *Boyce*, and *Mickler*, where ratification was upheld, the timing of the filing was not at issue; rather the validity of the filing

was contested. No deadlines were compromised by permitting the ratification. Here, however, the proof of claim bar date expired prior to the acts of ratification.

The Supreme Court's concern in *Federal Election* was that allowing the late authorization would grant the Solicitor General unilateral power to extend the 90-day deadline to file a certiorari petition despite the limitations period enacted by 28 U.S.C. §2101(c). Similarly, the court in *Town of Nasewaupee Bay v. City of Sturgeon Bay*, 251 N.W.2d 845 (Wis. 1977), explained that, "Ordinarily, a subsequent ratification relates back to the time of the original transaction. However, that rule is not applicable when the rights of others have intervened by the passage of time. The rule presupposes that the principal who could have acted initially retains that power at the time of the ratification. Such is not the case here." In *Nasewaupee,* the court refused to recognize the ratification of the unauthorized commencement of a lawsuit, where ratification came after the statute of limitations had run. In the present case, ratification occurred after the bar date had passed.

In *Federal Election*, the Supreme Court relied upon its decision in *Cook v. Tullis*, 85 U.S. 332 (1874), a bankruptcy case, which explained the limitations on ratification. The Supreme Court in *Federal Election* said, " . . . it is essential that the party ratifying should be able not merely to do the act ratified at the time the act was done, but also at the time the ratification was made." 513 U.S. at 98, quoting *Cook v. Tullis*, 85 U.S. 332, 338 (1873). This is a significant point on the facts before us. Claimants themselves would not be permitted to file proofs of claims after the bar date. Therefore, they held no ability to ratify Speights' act when the ratification was made. Allowing ratification after the bar date would give the claimants the unilateral power to extend the deadline established by the bar date. It would be unfair to the

Debtors and the other creditors who properly and timely filed their claims, to afford more flexibility to these 71 claimants.

Additionally, allowing claimants to use late ratification to extend the deadline established by the bar date compromises the underlying purposes of a proof of claim bar date.

> The practical, commercial rationale underlying the need for a bar date are [sic] manifest. The creditors and bankruptcy court must be able to rely on a fixed financial position of the debtor in order to evaluate intelligently the proposed plan of reorganization for plan approval or amendment purpose [sic]. After initiating a carefully orchestrated plan or reorganization, the untimely interjection of an unanticipated claim, particularly a relatively large one, can destroy the fragile balance struck by all the interested parties in the plan.

*In re Analytical Systems, Inc.*, 933 F.2d 939, 942 (11th Cir. 1991). Allowing ratification of unauthorized claims beyond the bar date would leave the door open indefinitely for claims to disrupt the reorganization process.

For the reasons stated above, the 71 claims ratified after passage of the bar date will be disallowed and expunged.

An appropriate order will be issued.

DATE: April 17, 2007

Judith K. Fitzgerald jmd
Judith K. Fitzgerald
United States Bankruptcy Judge



Job : 12
Date: 04/30/2007
Time: 12:25:43 PM

# District of Delaware
# Claims Register

## 06-10843-BLS Earl L. Woodard and Traci D. Woodard

**Judge:** Brendan Linehan Shannon
**Office:** Delaware
**Trustee:** Michael B. Joseph - Chapter 13 Trustee

**Chapter:** 13
**Last Date to file claims:** 12/05/2006
**Last Date to file (Govt):** 02/06/2007

*Creditor:*
DaimlerChrysler Financial Services Americas LLC
Trustee Payment Dept. #100301
P.O. Box 55000
Detroit, MI 48255-1003

**Claim No: 1**
*Filed:* 08/25/2006
*Entered:* 08/25/2006
*Amended By Claim No:* 1

*Status:*
*Filed by:* CR
*Entered by:* MDW
*Modified:*

Secured claimed: $11004.64
**Total claimed: $11004.64**

*History:*
- 1-1 08/25/2006 Claim #1 filed by DaimlerChrysler Financial Services Americas LLC , total amount claimed: $11004.64 (MDW)
- 1-2 11/20/2006 Amended Claim #1 filed by DaimlerChrysler Financial Services Americas LLC , total amount claimed: $11004.64 (MDW)

*Description:* (1-1) 9071
(1-2) ***9071 - money loaned

*Remarks:* (1-1) plus 5.99%
(1-2) plus 9.25% interest

*Creditor:*
Capital One Bank
c/o TSYS Debt Management
P.O. Box 5155
Norcross, GA 30091

**Claim No: 2**
*Filed:* 08/28/2006
*Entered:* 08/28/2006

*Status:*
*Filed by:* CR
*Entered by:* MDW
*Modified:*

Unsecured claimed: $2348.16
**Total claimed: $2348.16**

*History:*
- 2-1 08/28/2006 Claim #2 filed by Capital One Bank , total amount claimed: $2348.16 (MDW)

*Description:* (2-1) 51TDM52522365804

*Remarks:*

*Creditor:*
World Financial Network Natl Bank-New York & Co.
c/o Weinstein & Riley, P.S.

**Claim No: 3**
*Filed:* 08/30/2006
*Entered:* 08/30/2006

*Status:*
*Filed by:* CR
*Entered by:* MDW
*Modified:*

2101 Fourth Avenue, Suite 900
Seattle, WA 98121

Unsecured claimed: $618.78
**Total claimed: $618.78**

*History:*
- 3-1 08/30/2006 Claim #3 filed by World Financial Network Natl Bank-New York & Co. , total amount claimed: $618.78 (MDW)

*Description:* (3-1) XXXXX9691

*Remarks:*

| *Creditor:* | **Claim No: 4** | *Status:* |
|---|---|---|
| World Financial Network Natl Bk-Victoria's Secret<br>c/o Weinstein & Riley, P.S.<br>2101 Fourth Avenue, Suite 900<br>Seattle, WA 98121 | *Filed:* 08/30/2006<br>*Entered:* 08/30/2006 | *Filed by:* CR<br>*Entered by:* MDW<br>*Modified:* |

Unsecured claimed: $1143.50
**Total claimed: $1143.50**

*History:*
- 4-1 08/30/2006 Claim #4 filed by World Financial Network Natl Bk-Victoria's Secret , total amount claimed: $1143.5 (MDW)

*Description:* (4-1) XXXXX0315

*Remarks:*

| *Creditor:* | **Claim No: 5** | *Status:* |
|---|---|---|
| Wells Fargo Bank, N.A.<br>Bankruptcy Department<br>3476 Stateview Blvd.<br>X7801-014<br>Ft. Mill, SC 29715 | *Filed:* 09/06/2006<br>*Entered:* 09/06/2006 | *Filed by:* CR<br>*Entered by:* MDW<br>*Modified:* |

Secured claimed: $176095.65
**Total claimed: $176095.65**

*History:*
- 5-1 09/06/2006 Claim #5 filed by Wells Fargo Bank, N.A. , total amount claimed: $176095.65 (MDW)

*Description:* (5-1) XXXXXX0633

*Remarks:*

| *Creditor:* | **Claim No: 6** | *Status:* |
|---|---|---|

*History:*

- 6-1 09/07/2006 Claim #6 filed by American Express Centurion Bank , total amount claimed: $7243.98 (Lee, Thomas)

*Description:*

*Remarks:*

| *Creditor:* | **Claim No: 7** | *Status:* Allow 34 |
|---|---|---|
| ECMC<br>7325 Beaufont Springs<br>Suite 200<br>Richmond, VA 23225 | *Filed:* 09/14/2006<br>*Entered:* 09/15/2006 | *Filed by:* CR<br>*Entered by:* MDW<br>*Modified:* 01/11/2007 |

Unsecured claimed: $47953.56

**Total claimed: $47953.56**

*History:*

- 7-1 09/14/2006 Claim #7 filed by American Education Services, total amount claimed: $47953.56 (MDW)
- 34 01/10/2007 Transfer/Assignment of Claim. Transfer Agreement 3001 (e) 1 Transferor: American Education Services (Claim No. 7) To ECMC. Filed by ECMC. (Thor, Mai) Status: Allow

*Description:* (7-1) XXX-XX-8700

*Remarks:* (7-1) transferred from Pennsylvania Higher Education Assistance on 1/10/07 - see docket # 34

| *Creditor:* | **Claim No: 8** | *Status:* |
|---|---|---|
| Citifinancial, Inc.<br>1111 Northpoint Drive<br>Coppell, TX 75019 | *Filed:* 09/29/2006<br>*Entered:* 09/29/2006 | *Filed by:* CR<br>*Entered by:* MDW<br>*Modified:* |

Unsecured claimed: $7369.77

**Total claimed: $7369.77**

*History:*

- 8-1 09/29/2006 Claim #8 filed by Citifinancial, Inc. , total amount claimed: $7369.77 (MDW)

*Description:* (8-1) 2009080147382

*Remarks:*

| *Creditor:* | **Claim No: 9** | *Status:* |
|---|---|---|
| Citifinancial, Inc.<br>1111 Northpoint Drive<br>Coppell, TX 75019 | *Filed:* 09/29/2006<br>*Entered:* 09/29/2006 | *Filed by:* CR<br>*Entered by:* MDW<br>*Modified:* |

Unsecured claimed: $7346.02

**Total claimed: $7346.02**

*History:*

- 9-1 09/29/2006 Claim #9 filed by Citifinancial, Inc. , total amount claimed: $7346.02 (MDW)

*Description:*

*Remarks:* (9-1) no supporting documents filed

| *Creditor:* | **Claim No: 10** | *Status:* |
|---|---|---|
| Asset Acceptance LLC assignee First Energy - History | *Filed:* 10/10/2006 | *Filed by:* CR |
| Cleveland Electric Illuminating | *Entered:* 10/11/2006 | *Entered by:* MDW |
| P.O. Box 2036 | | *Modified:* |
| Warren, MI 48090-2036 | | |

Unsecured claimed: $510.98
**Total claimed: $510.98**

*History:*
- 10-1 10/10/2006 Claim #10 filed by Asset Acceptance LLC assignee First Energy - , total amount claimed: $510.98 (MDW)

*Description:* (10-1) 20291246

*Remarks:*

| *Creditor:* | **Claim No: 11** | *Status:* |
|---|---|---|
| eCAST Settlement Corporation assignee of | *Filed:* 10/19/2006 | *Filed by:* CR |
| GE Money Bank/The GAP | *Entered:* 10/19/2006 | *Entered by:* Lee, Thomas |
| POB 35480 | | *Modified:* |
| Newark NJ 07193-5480 | | |

Unsecured claimed: $709.86
**Total claimed: $709.86**

*History:*
- 11-1 10/19/2006 Claim #11 filed by eCAST Settlement Corporation assignee of , total amount claimed: $709.86 (Lee, Thomas)

*Description:*

*Remarks:*

| *Creditor:* | **Claim No: 12** | *Status:* |
|---|---|---|
| eCAST Settlement Corporation assignee of | *Filed:* 10/19/2006 | *Filed by:* CR |
| GE Money Bank/Lowes Consumer | *Entered:* 10/19/2006 | *Entered by:* Lee, Thomas |
| POB 35480 | | *Modified:* |
| Newark NJ 07193-5480 | | |

Unsecured claimed: $847.76
**Total claimed: $847.76**

*History:*
- 12-1 10/19/2006 Claim #12 filed by eCAST Settlement Corporation assignee of , total amount claimed: $847.76 (Lee, Thomas)

*Description:*

*Remarks:*

| *Creditor:* | **Claim No: 13** | *Status:* |
|---|---|---|

| | | |
|---|---|---|
| eCAST Settlement Corporation<br>P.O. Box 7247-6971<br>Philadelphia, PA 19170-6971 | *Filed:* 10/23/2006<br>*Entered:* 10/24/2006 | *Filed by:* CR<br>*Entered by:* MDW<br>*Modified:* 12/20/2006 |
| Unsecured claimed: $5808.65<br>**Total claimed: $5808.65** | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk of the Court
824 Market Street
Wilmington DE 19801
(302) 252-2900

Date: **May 25, 2007**

To: Peter Dalleo, Clerk
U. S. District Court
District of Delaware
U. S. Courthouse - 844 King Street
Wilmington DE 19801

Re: WR Grace 01-1139
Appeal BAP #07-19

Enclosed please find the bankruptcy Record on Appeal docket #15316, Order docket #15210, Memorandum Opinion docket #15209, Appellant Designation of Items docket #15539, Appellee Designation docket#15689.

Please acknowledge receipt on the copy provided.

Sincerely,

**David Bird, Clerk**

By: Betsy Magnuson
Deputy Clerk, U.S. Bankruptcy Court

__X__ Filing fee paid on April 26, 2007

_____ Filing fee not paid

I hereby acknowledge receipt of the above Record on Appeal this ________ day of____________, 2003.

By:_____________________________
Deputy Clerk, U.S. District Court

**TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT**

WR Grace 01-1139
Deputy Clerk Transferring Case: Betsy Magnuson (302) 252-2900 X5114
Case Type: Appeal **BAP 07-19**

**Appellant's Counsel**

**Christopher D. Loizides**
Loizieds PA
Legal Arts Bldg.
1225 King Street Suite 800
Wilmington DE 19801
302-654-0248
Fax**:** 302-0654-0728
Email: loizidea@loizides.com

Daniel A Speights
Speights & Runyan
200 Jackson Avenue East
Hampton SC 29924
803-943-4444

**Appellee's Counsel:**

**James E. O'Neill**
Pachulski Stang Ziehl Young Jones & Wein
919 North Market Street
16th Floor
PO Box 8705
Wilmington, DE 19899-8705
302-652-4100
Fax : 302-652-4400
Email: jo'neill@pszyj.com

**David M Bernick PC**
Kirkland & Ellis LLP
200 East Randolph DR
Chicago IL 60601
312- 861-2000